■ LUCILLE G. RAFFUEL, Appellant, v. JOSEPH J. RAFFUEL, Respondent. (Appeal No. 2.) — Appeal from refusal of Justice O'CONNOR to hear motion made by show cause order dated September 5, 1968 unanimously dismissed, without costs. Memorandum: No appeal lies from the refusal of the Justice to hear the motion to reopen the hearing of July 24, 1968 with respect to defendant's financial status. (Appeal from order of Oneida Special Term denying motion to reopen prior order.) Present — Marsh, J. P., Witmer, Moule and Bastow, JJ.

■ LUCILLE G. RAFFUEL, Appellant, v. JOSEPH J. RAFFUEL, Respondent. (Appeal No. 3.) — Order dated March 5, 1969 unanimously modified by striking therefrom the first ordering paragraph and in lieu thereof the motion therein denied is remitted to Special Term for a new hearing on the question of defendant's contempt in this respect, and as so modified affirmed without costs. Memorandum: The order of March 5, 1969 should be modified by striking the paragraph denying the motion to hold the defendant in contempt for failure to pay the $70 per week as directed in the order of August 3, 1968, and that motion should be remitted to Special Term of the Supreme Court for a new hearing to determine whether defendant's means have been such that he should be held in contempt of court for such failure to pay. Such hearing should be heard promptly by another Justice. (Appeal from order of Oneida Special Term denying motion to reopen case and for other relief.) Present — Marsh, J. P., Witmer, Moule and Bastow, JJ.

■ GEFFEN MOTORS, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 47412.) — Judgment unanimously reversed on the law and facts, without costs, and a new trial granted in accordance with the following memorandum: The State appealed from the award for the appropriation of claimant's land and improvements, but conceded that the value for improvements was proper. Therefore, it will be unnecessary to litigate this latter issue upon the new trial. The claimant's appraiser based his opinion on land values on four comparables. Comparable No. 1 was about ¼ mile from the subject premises on Route 69. It contained 110,460 square feet and was sold for $142,000 on March 8, 1967. To this he added estimated demolition costs of $12,000 and arrived at a price of $1.39 per square foot. Comparable No. 2 was the sale of a gasoline station at 35 Main Street, Yorkville, New York at an indicated price of $8.45 per square foot for land and buildings. Comparable No. 3 was a lease with an option to buy at an indicated price of $6.46 per square foot for land and buildings on Route 69 just east of the subject property. Comparable No. 4 was the sale of 16,066 square feet of land on Route 5A southwest of the subject property at $3.86 per square foot. The claimant's appraiser placed a value of $2 per square foot on the subject property. The claimant's appraiser did not give a dollar and cents adjustment in any instance between the comparable and the subject land; neither did he give a breakdown percentage-wise nor state the factors which entered into his judgment. His failure to do so affords no basis for review of his testimony and it is insufficient to justify an award. (*Latham Holding Co.* v. *State of New York,* 16 N Y 2d 41, 45; *Verni* v. *State of New York,* 31 A D 2d 727; *Svoboda* v. *State of New York,* 28 A D 2d 1056.) Consequently, a new trial should be held to determine the amount due claimant for the appropriation of its land. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Marsh, J. P., Witmer, Moule and Bastow, JJ.